United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CRYSTAL L. COX,

Plaintiff,

v.

KASHMIR HILL, *et al.*,

Defendants.
_______________________________/

No. C-13-02046 DMR

**ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT**

Plaintiff Crystal L. Cox has filed an application for leave to proceed *in forma pauperis* ("IFP"). Having considered the papers filed by Cox, the court grants the application to proceed IFP and dismisses the Complaint without prejudice.[1]

## I. Discussion

[1] A magistrate judge generally must obtain the consent of the parties to enter dispositive rulings and judgments in a civil case. *See* 28 U.S.C. § 636(c)(1). However, in cases such as this one, where the plaintiff has consented but not served the defendants, "all parties have consented pursuant to 28 U.S.C. § 636(c)(1)," and a magistrate judge therefore "'may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case.'" *Gaddy v. McDonald*, No. CV 11-08271 SS, 2011 WL 5515505, at *1 n.2 (C.D. Cal. Nov. 9, 2011) (quoting § 636(c)(1)) (citing *United States v. Real Property*, 135 F.3d 1312, 1317 (9th Cir. 1995)); *Third World Media, LLC v. Doe*, No. C 10-04470 LB, 2011 WL 4344160, at *3 (N.D. Cal. Sept. 15, 2011)); *see also Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir.1995) (holding that magistrate judge had jurisdiction to dismiss action as frivolous without consent of defendants because defendants had not yet been served and therefore were not parties).

A court may authorize a plaintiff to prosecute an action in federal court without prepayment of fees or security if the plaintiff submits an affidavit showing that he or she is unable to pay such fees or provide such security. *See* 28 U.S.C. § 1915(a). Having evaluated Cox's financial affidavit, the court finds that she has satisfied the economic eligibility requirement of 28 U.S.C. § 1915(a) and grants the application to proceed IFP.

The court's grant of Cox's application to proceed IFP, however, does not mean that she may continue to prosecute her complaint. A court is under a continuing duty to dismiss a case filed without the payment of the filing fee whenever it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Because a dismissal pursuant to Section 1915(e)(2)(B) is not a dismissal on the merits, but rather an exercise of the court's discretion under the IFP statute, the dismissal does not prejudice the filing of a paid complaint making the same allegations. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

Here, Plaintiff Cox sues 26 individually-named Defendants and 25 Doe Defendants, alleging, *inter alia*, claims for defamation, copyright infringement, conspiracy, and unspecified "civil rights violations." (Compl. 1-6.) Cox's claims stem from two recent cases in which she was named as a defendant. In the first case, Obsidian Finance Group, LLC ("Obsidian") and Kevin Padrick sued Cox, a blogger, for defamation after she posted negative information about them. Cox later offered to provide "PR Services and Search Engine Management Services" to Obsidian for $2,500 per month. (Compl. 18.) A jury awarded Obsidian and Padrick $2.5 million. *Obsidian Finance Group, LLC v. Cox*, No. 3:11-cv-57-HZ, 2012 WL 1065484 (D. Or. Mar. 27, 2012). The case attracted media attention and various reporters and bloggers reported that Cox had attempted to extort Obsidian and Padrick. (*See generally* Compl.)

Following the Obsidian case, Cox had a dispute with a Nevada attorney, Marc Randazza, and Randazza and his wife subsequently filed suit against Cox in the District of Nevada. *Randazza v. Cox*, 12-cv-02040-GMN-PAL (D. Nev. Nov. 28, 2012). In their suit, the Randazzas alleged that Cox registered a number of internet domain names incorporating the names of Randazza and his family, including his then-three-year-old daughter, and used the domain names to post disparaging

information about them. *See Randazza v. Cox*, No. 2:12-cv-02040-GMN-PAL, 2013 WL 371928 (D. Nev. Jan. 11, 2013) (order granting plaintiffs' motion for preliminary injunction). Some of the individuals and entities reporting on the Obsidian case also reported about Cox's dispute with Randazza, again referring to her conduct as extortion. In addition, in connection with a separate complaint brought by Randazza against Cox before the World Intellectual Property Organization ("WIPO") in Switzerland, WIPO panelists allegedly accused Cox of extortion. (Compl. 10-11.) Cox alleges that any suggestion that her conduct in either case amounted to extortion was defamatory, asserting that she was never criminally charged with extortion. (*See generally* Compl.)

In her Complaint, Cox seeks to sue three general groups of Defendants, including persons and entities that reported on the Obsidian and Randazza cases and the individual plaintiffs in those actions (the "Obsidian/Randazza Defendants"); WIPO and individuals associated with WIPO ("the WIPO Defendants"), (Compl. 11); and the Multnomah County, Oregon Sheriff and a Multnomah County Senior Deputy who were allegedly involved in the execution of a lien imposed against Cox's property following the Obsidian case (the "Multnomah County Defendants"), (Compl. 87-88). Plaintiff, a resident of Washington, has recently filed actions similar to this one against many of the same Defendants in district courts around the country.[2]

Under 28 U.S.C. § 1391(b), a plaintiff may bring a civil action in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . .; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." Here, Plaintiff alleges that Defendants reside in many states. (Compl. 6-7.) Further, a substantial part of Cox's claims arose in Nevada, where the Randazzas brought suit against Cox. Therefore, as all Defendants do not reside in this District and

---

[2] *See Cox v. Randazza, et al.*, No. 13-cv-00297-MMD-VCF (D. Nev. Feb. 24, 2013); *Cox v. Bob Parsons Godaddy, et al.*, No. 13-cv-00962-MEA (D. Ariz. May 8, 2013); *Cox v. Michaelson, et al.*, No. 13-cv-03136-AET-DEA (D. N.J. May 9, 2013); *Cox v. Carr, et al.*, No. 13-cv-03257-LAP (S.D.N.Y. May 14, 2013); *Cox v. Coenen, et al.*, No. 13-cv-00534-AEG (E.D. Wis. May 13, 2013).

United States District Court
For the Northern District of California

"a substantial part of the events or omissions" giving rise to Plaintiff's claims occurred in a different judicial district, venue does not lie in this District.[3] *See* 28 U.S.C. § 1391(b)(1), (2).

Under 28 U.S.C. § 1406(a), a district court shall dismiss a case "laying venue in the wrong division or district" or "transfer such case to any district or division in which it could have been brought" if it is in the interest of justice. Here, a largely identical action is already pending in the District of Nevada. *See Cox v. Randazza*, No. 13-cv-00297-MMD-VCF (D. Nev. Feb. 24, 2013). Therefore, transfer of this action to that District would be superfluous and would not be in the interest of justice, as Plaintiff is already pursuing these claims before that Court. Accordingly, the court dismisses the complaint without prejudice.[4]

**II. Conclusion**

Plaintiff's IFP application is granted and Plaintiff's Complaint is dismissed without prejudice. Plaintiff's motion for permission to submit filings electronically (docket No. 3) is denied as moot. The Clerk is directed to close the case file.

IT IS SO ORDERED.

Dated: July 15, 2013




DONNA M. RYU
United States Magistrate Judge

[3] It also appears that Cox has improperly joined separate lawsuits into one action. *See* Fed. R. Civ. P. 20(a)(2) (permitting a plaintiff to join multiple defendants into one action if "(A) any right to relief is asserted against them . . . arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."). The claims that Cox brings against the Obsidian/Randazza Defendants, the WIPO Defendants, and the Multnomah County Defendants each stem from issues of law and fact distinct from the claims asserted against other defendants.

[4] The court dismisses Plaintiff's Complaint without prejudice to her re-filing new, separate lawsuits against some or all of the Defendants. *See Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997). However, if Cox chooses to file new actions in this Court, any such actions must only encompass those Defendants over whom this court may exercise personal jurisdiction and claims that are not pending in another court.